**United States District Court**
**District of Massachusetts**

```
_____
                            )
United States of America, ex )
rel. Allstate Insurance Company )
and Lawrence K. Spitz, M.D., )
                            )      Civil Action No.
        Plaintiffs-Relators, )      14-14276-NMG
                            )
        v.                  )      Related Cases:
                            )      12-10132-NMG
Millennium Laboratories, Inc., )    12-10631-NMG
                            )      13-10825-NMG
        Defendant.          )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the government's successful intervention in several <u>qui tam</u> lawsuits against Millennium Health, LLC, formerly Millennium Laboratories, Inc. ("defendant" or "Millennium").  Millennium settled with the government for approximately $227 million, fifteen percent of which was set aside as a "relator's share".

Pending before the Court is the motion of relators Allstate Insurance Company ("Allstate") and Lawrence K. Spitz, M.D. ("Dr. Spitz", together with Allstate, "the Allstate Relators") to recover attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) at the expense of Millennium.

I. **Background**

    **A. Parties**

    Plaintiff-relator Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois. Plaintiff-relator Dr. Spitz is a citizen and resident of the Commonwealth of Pennsylvania.  He is a part owner of Pattern Analysis, Inc., a litigation support company that, among other things, provides expert data analysis and witness testimony relating to patterns of fraud and abuse.

    Defendant Millennium is a privately held California corporation with its principal place of business in San Diego, California.  Millennium is one of the largest clinical laboratories in the United States and, among other things, performs urine drug testing in California laboratories on specimens collected from patients throughout the United States.

    **B. Qui Tam Actions and Government Intervention**

    In December, 2009, Mark Cunningham ("Cunningham") filed a complaint against Millennium alleging various violations of the False Claims Act, 31 U.S.C. § 3730 et seq. ("FCA").  Thereafter, six additional relators filed similar claims: Mark McGuire ("McGuire") in January, 2012, Ryan Uehling ("Uehling") in April, 2012, Omni Healthcare, Inc. ("Omni") in November, 2012, Wendy

Johnson ("Johnson") in December, 2012, the Allstate Relators in August, 2014, and Amadeo Pesce in March, 2015.

In March, 2015, the government filed its Complaint in Intervention against Millennium, naming the actions of McGuire, Uehling and Omni.  That complaint described two fraudulent schemes engaged in by Millennium in violation of the FCA: (1) claims for excessive and unnecessary urine drug tests that were routinely ordered by physicians pursuant to standing orders without individualized assessment of patient needs; and (2) providing physicians who conducted such urine drug testing with free point-of-care testing supplies in violation of the Stark Act and the Anti-Kickback statute.  According to the government, Millennium utilized those schemes "knowingly [to] submit[] many millions of dollars' worth of false claims" to the government.

In October, 2015, the government, Millennium and all relators entered into a formal agreement ("the Settlement Agreement") which required Millennium to reimburse to the government approximately $227 million dollars for its FCA violations.

The Settlement Agreement was the product of extensive and complex negotiations between the government, Millennium and all relators.  It set aside 15% of the $227 million settlement for

the "relator's share", to be apportioned by the Court in the absence of agreement of the parties.

## C. Post-Settlement Litigation

In October, 2015, McGuire filed a crossclaim against the other relators for declaratory relief, asserting that he was entitled to the entire relator's share because he was the first to file a complaint against Millennium that alleged the essential facts underlying the government's complaint in intervention.  Cunningham moved to dismiss McGuire's complaint arguing that he, not McGuire, was the first to file and, therefore, was entitled to the entire relator's share.

In August, 2016, this Court dismissed McGuire's crossclaim because it concluded that Cunningham was the first filer.  The First Circuit Court of Appeals subsequently reversed.  After concluding that it had jurisdiction over McGuire's claim, the First Circuit

> describe[d] the appropriate method for the first-to-
> file analysis and h[e]ld that McGuire was the first-
> to-file relator and that he ha[d] stated a claim that
> he [wa]s entitled to the relator's share of the
> settlement.

United States ex rel. McGuire v. Millennium Labs., Inc., 923 F.3d 240, 243-44 (1st Cir. 2019).

Cunningham petitioned for writ of certiorari to the United States Supreme Court which was denied in January, 2020. Thereafter, McGuire moved for entry of an order in this Court awarding him the entire relator's share pursuant to the decision of the First Circuit.  Cunningham, Uehling and Omni opposed that motion, arguing that the First Circuit did not decide, as a matter of law, that McGuire was entitled to the relator's share but that additional fact-finding was required.

This Court disagreed and concluded that the First Circuit had determined definitively that McGuire was the first to file and the sole relator entitled to the relator's share.  McGuire separately entered into a private sharing agreement with some of the relators, including the Allstate Relators, to divide the relator's share.

### D. Instant Dispute

In April, 2016, the Allstate Relators requested that this Court issue an order directing Millennium to pay its reasonable attorneys' fees and expenses.  The Court denied the motion for lack of jurisdiction because McGuire's appeal to the First Circuit remained pending.  The Allstate Relators were directed to refile their motion for fees after the First Circuit rendered its decision.  In accordance with that order, the Allstate Relators refiled their motion in May, 2019.  After receiving

notification from Cunningham of his intent to petition the
United States Supreme Court for certiorari, this Court again
denied the motion of the Allstate Relators and directed them to
refile if and when the cert petition was denied.

The Allstate Relators refiled their motion for fees within
45 days of the denial of certiorari by the Supreme Court.  It
seeks $320,785 in attorneys' fees and $45,950 in costs and
expenses.

## II.   Motion for Attorneys' Fees and Costs

The FCA authorizes private persons ("relators") to bring
civil actions in the name of the United States for FCA
violations in exchange for a portion of the damages or
settlement proceeds recovered from the action. 31 U.S.C.
§ 3730(b)(1).  It further provides that "[i]f the Government
proceeds with an action brought by a person under [§ 3730(b)]"
that relator is entitled to a percentage of "the proceeds of the
action or settlement of the claim" as well as reasonable
expenses, attorneys' fees and costs. § 3730(d)(1).

The Allstate Relators submit that they are entitled to
recover a reasonable attorneys' fee pursuant to the language of
the Settlement Agreement and § 3730(d).  Defendant opposes that
claim on three grounds: (1) the Settlement Agreement preserves

- 6 -

the right of the Allstate Relators to seek attorneys' fees but
does not guarantee recovery; (2) the Allstate Relators are not
entitled to fees because neither was a prevailing relator and
the government never pursued their claims; and (3) the requested
fee amount is unreasonable.

### A. The Settlement Agreement

The parties agreed to release "fully and finally" all
mutual claims, "including for attorneys' fees, costs, and
expenses of every kind and however denominated", that were
asserted, could have been asserted or may be asserted in the
future.  Paragraph 12 of the Settlement Agreement provided,
however; that

> Millennium expressly reserves any defenses or claims
> as to Relators' and Relators' counsel's claims for
> reasonable attorneys' fees, expenses and costs
> pursuant to 31 U.S.C. § 3730(d).

The Allstate Relators submit that in agreeing to paragraph
12, Millennium waived all defenses to claims by the relators for
attorneys' fees except reasonableness.  Millennium responds that
the Settlement Agreement merely preserves the right of the
relators to seek fees but does not guarantee recovery.

The Court agrees with Millennium's reading of the
Settlement Agreement.  Unlike typical FCA settlements, the

Settlement Agreement does not address the question of how the relator's share should be apportioned among the several relators.  Not does it provide for who among the relators is entitled to recover attorneys' fees.  Thus, the Settlement Agreement preserves the right of the relators to seek proceeds from the relator's share as well as attorney's fees but without any assurances of recovering either.  Indeed, paragraph 20 of the Settlement Agreement provides that this Court retains jurisdiction to resolve claims for both "a share of the proceeds of the Settlement Amount" as well as attorneys' fees, expenses and costs.

Accordingly, the Settlement Agreement does not afford Allstate Relators the right to recover attorneys' fees.

**B. Statutory Right to Fees**

The Allstate Relators contend that even if the Settlement Agreement does not guarantee recovery of fees, they are, nevertheless, entitled to fees pursuant to the language of 31 U.S.C. § 3730(d)(1), which provides,

> [i]f the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim . . . Any payment to a person under the first or second sentence shall be made from the proceeds.  <u>Any such person</u> shall also receive an

amount for reasonable expenses . . . necessarily
incurred, plus reasonable attorneys' fees and costs.

The Allstate Relators contend that because they entered

into a private sharing agreement with McGuire to recover a

portion of the relator's share, they are persons who received

"proceeds of the action or settlement" and, therefore, qualify

as "any such person[s]" entitled to attorneys' fees.  Millennium

rejoins that the Allstate Relators cannot recover fees because

they are not prevailing parties and the government never

intervened in their complaint.

The parties' disagreement arises from their divergent

interpretations of the phrase "any such person" in the fourth

sentence of § 3730(d)(1).  That phrase necessarily refers to the

immediately preceding sentence which, in turn, describes the

person who received payment "under the first or second sentence"

of § 3730(d)(1). Relevant here, the first sentence of

§ 3730(d)(1) describes a person who brings an action under

§ 3730(b) in which the government successfully intervenes.[1]

Whether the Allstate Relators are entitled to recover attorneys'

fees is, therefore, dependent upon whether they brought an

action pursuant to § 3730(b) in which the government

---

[1] The second sentence of § 3730(d)(1) is inapposite because it
applies only in cases where a court finds that the action is
based primarily on disclosures of information by a person other
than the one bringing the action.

successfully intervened and thereby meet the criteria set forth
in the first sentence of § 3730(d)(1).

On appeal of this Court's decision that Cunningham was
entitled to recover the relator's share, the First Circuit
examined the first sentence of § 3730(d)(1) and its interaction
with § 3730(b). United States ex rel. McGuire, 923 F.3d at 251-
52.  The First Circuit concluded that only one relator action
can satisfy the criteria of § 3730(b) because the "first-to-
file" rule bars any person other than the government from
bringing an action based on the underlying facts of a pending
action. Id. at 252.  Because bringing an action pursuant to
§ 3730(b) is a prerequisite to recovery under § 3730(d)(1), the
First Circuit held that "only the first-to-file relator can
claim the relator's share." Id.  Accordingly, McGuire
"established that he was the first to file a claim alleging the
essential facts" of the fraud pursued by the government and,
therefore, "stated a claim that he [wa]s entitled to the
relator's share of the settlement." Id. at 243-44, 254.

The appellate decision makes clear that only a first filer
meets the criteria set forth in the first sentence of
§ 3730(d)(1).  As a result, only a first filer can receive
payments pursuant to that sentence and, therefore, qualify as

"any such person" entitled to fees pursuant to the fourth
sentence.

There can be only one first filer and the First Circuit has
definitively determined it is McGuire in this case. United
States ex rel. McGuire, 923 F.3d at 251-52.  For that reason,
the Allstate Relators cannot demonstrate entitlement to recovery
of the relator's share or, by extension, attorneys' fees.  That
the Allstate Relators will receive proceeds from the relator's
share by operation of their private agreement with McGuire does
not render them "first filers" or otherwise impact the First
Circuit's decision.

The only other district court to have addressed this issue
did likewise.  In United States ex rel. Saidani v. Nextcare,
Inc., a relator argued that because he and the prevailing
relator entered into a private agreement to share proceeds, he
should be considered a successful relator who has received a
relator's share and, therefore, is entitled to recover
attorneys' fees. No. 3:11CV141, 2013 WL 431828, *2 (W.D.N.C.
Feb. 4, 2013).  The court rejected the relator's claim as
incompatible with the text and purpose of the FCA. Id.

To hold otherwise would be inconsistent with the clear
congressional intent in crafting limiting provisions in § 3730
designed to encourage lawsuits brought by insiders intending to

expose fraud and discourage lawsuits brought by opportunistic plaintiffs in search of a payday. See United States ex rel. Saidiani v. Nexcare, Inc., No. 3:11CV141, 2013 WL 431828, *2 (W.D.N.C. Feb. 4, 2013).  Congress could not have intended for a plaintiff, who is not the first filer and, therefore, not entitled to the relator's share, to be guaranteed recovery of attorneys' fees.  Interpreting § 3730(d)(1) in such a manner would incentivize tag-along suits brought by relators seeking a large recovery with minimal risk of incurring substantial attorneys' fees and costs.

The Allstate Relators' claim for attorneys' fees fails for the additional reason that the government declined to proceed with their complaint.  Section 3730(d)(1) requires that the government proceed with the relator's complaint in order for a relator to be entitled to the relator's share and, by extension, attorneys' fees.  It is undisputed that although the government intervened on behalf of several relators in this action, it did not pursue the complaint of the Allstate Relators.  Presumably recognizing this insurmountable hurdle, the Allstate Relators argue that the lack of government pursuit of their complaint against Millennium is not fatal to their claim because of § 3730(d)(2), which applies when "the Government does not proceed with an action" under § 3730.

But Section 3730(d)(2) is plainly inapplicable.  Although the government chose not to proceed with the Allstate Relators' individual complaint, it intervened in the FCA action against Millennium and ultimately settled on behalf of all relators, including the Allstate Relators.

Accordingly, the Allstate Relators are not entitled to recover attorneys' fees and costs and the Court need not consider whether the requested award is reasonable.

### ORDER

For the foregoing reasons, the motion of relators Allstate Insurance Company and Dr. Lawrence K. Spitz for attorneys' fees and costs (Docket No. 48) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 1, 2020